# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

BURRIS RICHARD STOVALL, as Guardian                                    PLAINTIFF
of Richard Joshua Stovall, an Incapacitated Adult

v.                              NO. 4:16CV00713 JLH

MACK TRUCKS, INC.; VOLVO GROUP
NORTH AMERICA, LLC; INDIANA MILLS
& MANUFACTURING, INC.; and JOHN DOES 1-10                              DEFENDANTS

## ORDER

Moving this case toward a conclusion seems to be stymied by a discovery dispute that focuses on whether plaintiff's counsel will be permitted to share confidential information produced by the defendants with other lawyers. Mack Trucks, Inc., and Volvo Group North America, LLC, filed motions for protective order on September 5, 2017. Volvo Group also filed a motion for summary judgment on September 6, 2017. After some responses and replies had been filed, plaintiff filed an unopposed motion for a revised schedule as it relates to the motion for confidentiality. Document #46. The Court granted that motion and adopted the proposed schedule related to the discovery dispute and the pending motion for summary judgment.

The plaintiff has now filed a "Motion for Assistance with Discovery and Motion to Compel, Including Deposition Scheduling and Motion to Revise Schedule." Document #51. In that motion, the plaintiff complains that the defendants have not been cooperative in scheduling depositions.

In an effort to get discovery moving, the Court will go ahead and rule on the pending motions for protective order. Those motions are GRANTED IN PART and DENIED IN PART. Documents #31 and #33. The Court will enter separately and authorize parties to designate as confidential documents that contain information that includes trade secrets or other information the confidentiality or privacy of which is protected by statute. With confidential information being

limited in that regard, the Court will not authorize plaintiff's counsel to share information that is designated as confidential. The term "trade secrets" means information that derives independent economic value from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. *See*, *for example*, Ark. Code Ann. § 4-75-601(4). Courts have an obligation to preserve the secrecy of trade secrets by reasonable means, including protective orders. *See*, *for example*, Ark. Code Ann. § 4-75-605. If the defendants have information that does not derive economic value from not being generally known or has not been the subject of efforts that are reasonable to maintain its secrecy, the Court sees no reason that it should be designated confidential in this litigation, unless it is protected by some other statute. Nor does the Court believe that it would be appropriate to permit a party who obtains information containing trade secrets during discovery to bypass the opposing party's efforts to keep trade secrets secret by sharing that information.

Hoping that ruling on the pending motions for protective order will break the log-jamb, the Court is denying the motion to compel and to revise the schedule. Document #51. The Court assumes that documents will be produced forthwith and that the parties can schedule depositions accordingly. If not, nothing in this Order will prevent subsequent motions to compel from being filed and the Court ruling on them.

IT IS SO ORDERED this 16th day of October, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE