**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BURRIS RICHARD STOVALL, as Guardian                                              PLAINTIFF
of Richard Joshua Stovall, an Incapacitated Adult

v.                                          NO. 4:16CV00713 JLH

MACK TRUCKS, INC.; INDIANA MILLS
& MANUFACTURING, INC.;
and JOHN DOES 1-10                                                              DEFENDANTS

**OPINION AND ORDER**

In June 2015, Richard Joshua Stovall lost control of the Mack truck he was driving for the City of Hot Springs, Arkansas. The truck went off the road and hit trees, an embankment, and a culvert. The truck had no air bag, and Stovall alleges that the seatbelt malfunctioned. Stovall was severely injured as a result of the accident. The City of Hot Springs purchased this truck from Tri-State Truck Center, Inc., a dealer of Mack trucks. Burris Richard Stovall, on behalf of Richard Joshua, commenced this action against Mack Trucks, Inc., Volvo Group North America, LLC, and Indiana Mills & Manufacturing, Inc. He alleges that the truck was defectively and negligently designed and manufactured; that the defendants negligently tested and marketed the truck, that the defendants' negligence breached the warranty of merchantability and warranty of fitness for a particular purpose, and that the defendants violated the Arkansas Deceptive Trade Practices Act. Mack Trucks and Volvo Group[1] have moved for partial summary judgment on the Deceptive Trade Practices Act claim.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that

---

[1] The parties have since stipulated to dismissing all claims and causes of action against Volvo Group under Federal Rule of Civil Procedure 41(a)(1). Document #103.

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The Arkansas Deceptive Trade Practices Act makes deceptive and unconscionable trade practices unlawful, which includes making false representations about a product or "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107. A consumer bringing a claim under the Deceptive Trade Practices Act must prove that he suffered "actual damage or injury as a result of an offense or violation" of the Act. *Id.* § 4-88-113(f). The "as a result of" language requires a consumer to show that his injury was proximately caused by the violation. *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 666 (8th Cir. 2009).

Mack Trucks says that Stovall cannot, as a matter of law, show that his injuries were caused by any misrepresentations or deceptive acts of Mack Trucks. Stovall, in response, says that Hot Springs issued an invitation to bid with specific requirements that the Mack truck supplied by Tri-State did not meet. These specifications included a warranty that the truck "will be new, first class, fit, and sufficient for the purposes for which [it is] intended" and that "[t]he body will conform in strength, quality of material and workmanship to that provided by the best manufacturing and engineering practices of the industry." Document #97-1 at 12, 23. All bidders were required to "attach a statement that the unit offered meets the specifications exactly, or list any exceptions fully and accurately." *Id.* at 23.

2

For purposes of this motion, Mack Trucks does not dispute whether the Act was violated. Mack Trucks argues only that Stovall cannot show that Hot Springs relied on a misrepresentation by Mack Trucks in purchasing the truck. But it is reasonable to infer that Hot Springs relied on the representations by Tri-State in purchasing the truck. And Mack Trucks concedes that Tri-State, the bidding party, is its local representative. Hot Springs specified the terms of the purchase order, and if the truck supplied by Tri-State did not meet those terms, a jury could reasonably determine that the City would not have purchased that truck

For the foregoing reasons, Mack Trucks' partial motion for summary judgment is DENIED. Document #68.

IT IS SO ORDERED this 12th day of March, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE