**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BURRIS RICHARD STOVALL, as Guardian                                                                      PLAINTIFF
of Richard Joshua Stovall, an Incapacitated Adult

v.                                                          NO. 4:16CV00713 JLH

MACK TRUCKS, INC.; INDIANA MILLS
& MANUFACTURING, INC.; and JOHN DOES 1-10                                        DEFENDANTS

**OPINION AND ORDER**

Richard Joshua Stovall was injured while driving a Mack truck that was not equipped with airbags. He is now incapacitated. Burris Richard Stovall, Richard's guardian, alleges that Mack Trucks, Inc., negligently and defectively designed the truck because, amongst other reasons, the Mack truck did not have an airbag. Mack Trucks has asserted a federal preemption defense, and Stovall now moves for partial summary judgment on this defense.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Mack Trucks argues that Federal Motor Vehicle Safety Standard 208 promulgated by the National Highway Traffic Safety Administration preempts Stovall's state tort claims based on the lack of an airbag. The constitution makes federal law supreme, and any state law that conflicts with federal law is preempted under the supremacy clause. *See* U.S. Const., art. VI, cl. 2; *Crosby v. Nat'l*

*Foreign Trade Council*, 530 U.S. 363, 372, 120 S. Ct. 2288, 2294, 147 L. Ed.2d 352 (2000). Preemption of state law may be expressly provided in a federal statute or implied in the structure and purpose of the federal statute. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 2617, 120 L. Ed.2d 407 (1992); *see also Fidelity Fed. Sav. & Loan Assn. v. de la Cuesta*, 458 U.S. 141, 102 S. Ct. 3014, 73 L. Ed.2d 664 (1982) (federal regulation can preempt a state law). Conflict preemption is a form of implied preemption "where it is impossible for a private party to comply with both state and federal law" or where "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Crosby*, 530 U.S. at 372-73, 120 S. Ct. at 2294 (quotations and citations omitted). Courts "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S. Ct. 2240, 2250, 135 L. Ed. 2d 700 (1996).

Safety Standard 208 was promulgated pursuant to the authority granted by the National Traffic and Motor Vehicle Safety Act. 49 U.S.C. § 30101 *et seq.* The Safety Act contains the following preemption provision:

> When a motor vehicle safety standard is in effect under this chapter, a State or a political subdivision of a State may prescribe or continue in effect a standard applicable to the same aspect of performance of a motor vehicle or motor vehicle equipment only if the standard is identical to the standard prescribed under this chapter.

*Id.* § 30103(b)(1). The Act also includes a savings clause providing that "[c]ompliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." *Id.* § 30103(e). The Supreme Court has interpreted this latter provision of the Act as "remov[ing] tort actions from the scope of the express pre-emption clause." *Geier v. Am. Honda*

*Motor Co.*, 529 U.S. 861, 869, 120 S. Ct. 1913, 1919, 146 L. Ed. 2d 914 (2000). The *Geier* Court also held that the savings clause did not preclude "the ordinary working of conflict pre-emption principles." *Id.*

Mack Trucks argues that tort liability for failing to equip the Mack truck with an airbag would conflict with Safety Standard 208 by standing as an obstacle to the standard's purposes. Safety Standard 208 sets out various "performance requirements for the protection of vehicle occupants in crashes." 49 C.F.R. § 571.208.S1. The standard requires at a minimum that trucks like the one Stovall was driving be equipped with a complete passenger protection system or a belt system. *Id.* § 571.208.S4.3.2. Mack Trucks chose the belt system, and it says that tort liability for failing to equip its truck with an airbag would nullify the choice that the regulation provides. Mack Trucks cites *Geier* to say that such a result would frustrate the purpose of Safety Standard 208.

In *Geier*, the Court held that a state tort action alleging that American Honda had designed its 1987 Honda Accord negligently and defectively because the car lacked a driver's side airbag was preempted. 529 U.S. at 865, 120 S. Ct. at 1917. After considering Safety Standard 208's history, the agency's contemporaneous explanation, and the agency's consistently held interpretive views, the *Geier* Court concluded that Safety Standard 208 "deliberately sought variety—a mix of several different passive restraint systems." *Id.* at 878, 120 S. Ct. at 1924. Central to the Court's holding was its "determination that giving auto manufacturers a choice among different kinds of passive restraint devices was a *significant objective* of the federal regulation." *Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 330, 131 S. Ct. 1131, 1136, 179 L. Ed. 2d 75 (2011) (emphasis in original).

3

*Geier* is inapposite. Its analysis of Safety Standard 208 focused on passenger cars, not trucks with a gross vehicle weight ratio of more than 10,000 pounds. Safety Standard 208 treats such trucks differently. *See* 49 Fed. Reg. 28962-01 (explaining that the passive-restraint "requirement does not apply to other than passenger cars; for example, trucks, tractors, or multi-purpose vehicles such as jeeps are not covered by the rule"). The regulatory options truck manufacturers have more closely resemble the options Safety Standard 208 grants cars regarding seat belts on rear inner seats, which the Supreme Court held did not preempt a state tort action claiming that manufacturers should have installed lap-and-shoulder belts rather than lap belts. *Williamson*, 562 U.S. at 327-28, 131 S. Ct. at 1135.

Mack Trucks bears the burden of showing that Congress intended to preempt Arkansas tort law in this area. *See Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255, 104 S. Ct. 615, 625, 78 L. Ed. 2d 443 (1984); *see also Medtronic, Inc. v. Lohr*, 518 U.S. at 485, 116 S. Ct. at 2250 (state law presumed applicable). Unlike in *Geier* where the Court found "clear evidence of a conflict," Mack Trucks has not presented clear evidence that Stovall's tort action would stand as an obstacle to a significant purpose of Safety Standard 208.

**CONCLUSION**

For the foregoing reasons, Burris Richard Stovall's motion for partial summary judgment is GRANTED. Document #113.

IT IS SO ORDERED this 9th day of May, 2018.

                                              *J. Leon Holmes*
                                              _____
                                              J. LEON HOLMES
                                              UNITED STATES DISTRICT JUDGE