IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| BURRIS RICHARD STOVALL, as Guardian of RICHARD JOSHUA STOVALL, an Incapacitated Adult,<br><br>        Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC.; INDIANA MILLS & MANUFACTURING, INC.; JOHN DOES 1-10,<br><br>        Defendants,<br><br>MUNICIPAL LEAGUE WORKERS' COMPENSATION TRUST,<br><br>        Intervenor. | Case No. 4:16-cv-00713-JLH |

## **DEFENDANTS' UNOPPOSED MOTION FOR CONTINUANCE**

Come now Defendants Mack Trucks, Inc. ("Mack") and Indiana Mills & Manufacturing, Inc. ("IMMI"), and for their Unopposed Motion for Continuance, state the following:

1. This is a products-liability case in which Plaintiff Burris Richard Stovall ("Plaintiff") contends that Defendants are liable for the injuries sustained by Richard Joshua Stovall ("Stovall"). According to Plaintiff, Stovall has been incapacitated since his one-vehicle accident on June 1, 2015 that occurred while traveling on Highway 70 in Saline County, Arkansas. In essence, Plaintiff contends that the vehicle that Stovall was driving (and its component parts) were defective and unreasonably dangerous and that such defects were the cause of Stovall's

injuries. *See* Doc. Nos. 1, 13.[1] Plaintiff seeks a multi-million dollar recovery. Defendants have denied liability. *See* Doc. Nos. 17, 109.

2. By an Amended Scheduling Order entered on January 19, 2018, the Court set this case for a jury trial during the week of December 3, 2018. Doc. No. 88. Since this case was originally filed in October 2016 against Mack and Volvo Group North America LLC ("Volvo") and then amended in June 2017 to add IMMI,[2] the parties have been diligently conducting discovery in this matter.

3. For example, the parties have exchanged initial disclosures; conducted over a dozen depositions of fact witnesses and corporate representatives; served at least six sets of written discovery; produced approximately 25,000 pages of documents; and conducted multiple inspections of the vehicle in question.[3]

4. Furthermore, the parties downloaded and exchanged information from the vehicle event data recorder, which required coordination of all parties and multiple out-of-state attendees, which took a significant amount of time to accomplish. Similarly, the parties' removal of the driver's seatbelt took significant coordination among the parties and experts as well as the current owner of the vehicle who is located in Hot Springs. This effort included coordination among multiple engineers across the country, and the parties' agreement on protocols applicable to disassembly and analysis. Part of that agreement included shipment of certain components from one consultant to another as analyses were completed to ensure that all experts had an

---

[1] Intervenor Municipal League Workers' Compensation Trust ("the Trust") contends that it is entitled to recover from Defendants certain workers' compensation payments it has made to Plaintiff and/or Stovall. *See* Doc. No. 133. Defendants have denied liability. *See* Doc. Nos. 136, 137.
[2] Notably, IMMI has had a shorter time period to conduct discovery since it was joined eight months after Plaintiff originally filed suit.
[3] Mack also substituted counsel during the discovery period. *See* Doc. Nos. 84-86, 90-93.

opportunity to conduct their own custodial inspections and analysis. That process has taken months to accomplish and is still being conducted.

5. The parties have also attempted to narrow the issues for trial. For example, Plaintiff voluntarily dismissed Volvo. Doc. Nos. 103, 107. In addition, the parties have filed certain early motions for summary judgment, and the Court has ruled on them. *See* Doc. Nos. 68, 110, 113, 124. The parties also participated in a mediation on April 10, 2018, which was unsuccessful.

6. Despite their diligent efforts, the parties have been unable to complete all of the discovery that is necessary to prepare this case for trial by the August 6, 2018 discovery deadline, which just expired. Doc. No. 88.

7. For example, while the parties have begun deposing expert witnesses, there is still a substantial amount of expert discovery to accomplish, including depositions of multiple liability and damages experts for both Plaintiff and Defendants.

8. Given the amount of discovery remaining, Defendants do not believe that a mere extension of the discovery deadline will be sufficient because the Court's other upcoming deadlines involving dispositive motions, motions in limine, and pretrial disclosures are quickly approaching. Defendants believe that an additional six months of discovery is necessary to adequately prepare this case for trial.

9. Accordingly, Defendants request that the trial set for December 2018 be continued, that the Court vacate the present scheduling order, that the Court reset this matter for trial in the spring or summer of 2019, and that the Court issue a new scheduling order establishing new deadlines.

10. Counsel for Defendants has conferred with counsel for Plaintiff and counsel for the Trust, who do not oppose this Motion.

WHEREFORE, Defendants respectfully request that the Court grant this Unopposed Motion for Continuance, continue the trial that is set for the week of December 3, 2018, vacate the current Amended Final Scheduling Order, enter a new Scheduling Order, and for all other appropriate relief.

Respectfully submitted,

Charles K. Reed (admitted *pro hac vice*)
Franklin P. Brannen, Jr. (admitted *pro hac vice*)
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree St., NE, Suite 2900
Atlanta, GA 30309
Telephone: 404-348-8585
Email: chuck.reed@lewisbrisbois.com
Email: frank.brannen@lewisbrisbois.com

Edwin L. Lowther, Jr., No. 81107
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Ave., Suite 2300
Little Rock, AR 72201
Telephone: 501-371-0808
Email: elowther@wlj.com

*Attorneys for Mack Trucks, Inc.*

By: /s/ Edwin L. Lowther, Jr.
      Edwin L. Lowther, Jr.

Randall R. Riggs (admitted *pro hac vice*)
Matthew R. King (admitted *pro hac vice*)
Jennifer L. Schuster (admitted *pro hac vice*)
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN 46244-0961

Telephone: 317-237-3800
Email: rriggs@fbtlaw.com
Email: mking@fbtlaw.com
Email: jschuster@fbtlaw.com

James M. Simpson, No. 77125
Martin A. Kasten, No. 99100
FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, AR 72201-3522
Telephone: 501-376-2011
Email: simpson@fridayfirm.com
Email: mkasten@fridayfirm.com

*Attorneys for Indiana Mills & Manufacturing, Inc.*


By: /s/ James M. Simpson
    James M. Simpson

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2018, a copy of the foregoing was served upon the following parties via the Court's electronic service system:

J. Ray Baxter
James R. Baxter
The Baxter Law Firm
3115 Alcoa Road
Benton, AR 72015

*Attorneys for Plaintiff*

Edwin L. Lowther, Jr.
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Ave., Suite 2300
Little Rock, AR 72201-3699

Charles K. Reed
Franklin P. Brannen, Jr.
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree St., NE, Suite 2900
Atlanta, GA 30309

*Attorneys for Mack Trucks, Inc.*

Clyde Tab Turner
Jerry M. White
Damon C. Singleton
Turner & Associates, P.A.
4705 Somers Ave., Suite 100
North Little Rock, AR 72116

*Attorneys for Plaintiff*

Melissa Wood
Worley, Wood & Parrish, P.A.
1318 S. Main Street, Ste. 200
Little Rock, AR, 72202

*Attorneys for Intervenor Municipal League Workers' Compensation Trust*

/s/ James M. Simpson
James M. Simpson