**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

| | |
|---|---|
| BURRIS RICHARD STOVALL, Guardian of RICHARD JOSHUA STOVALL, Incapacitated Adult<br><br>　　　　Plaintiffs<br><br>vs.<br><br>MACK TRUCKS, INC.;<br>INDIANA MILLS & MANUFACTURING, INC.;<br>DOES 1-10<br><br>　　　　Defendants. | **Civil No.  4:16-cv-00713-JLH** |

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR**
**ORDER REQUIRING PRODUCTION OF CONFIDENTIAL**
**TEST MATERIALS IN THE POSSESSION, CUSTODY**
**OR CONTROL OF INDIANA MILLS & MANUFACTURING, INC.**

Plaintiff Burris Richard Stovall, as Guardian of Richard Joshua Stovall ("Plaintiff"), by counsel, hereby requests that the Court order Defendant Indiana Mills & Manufacturing, Inc. ("IMMI") to produce certain confidential testing materials in its possession and in support states as follows:

1.　　Plaintiff served discovery requests on IMMI seeking vehicle crash test records and materials in IMMI's possession, custody or control regarding certain occupant safety features relevant to the litigation because they are potential alternative safer design components

1

that were economically and technologically feasible for use in the subject truck. The specific features for which discovery was sought included the following:

a) Sled tests, crash tests, and CAE modeling regarding the S-4 type pretensioner[1] in the driver's seating position of a commercial truck cab between 1997-2012.

b) Work performed by IMMI for Pierce Manufacturing, Inc. regarding a steering wheel airbag and the 4Front System from 1997-2010 in Pierce's cab-over-engine trucks….

c) Sled testing materials used to evaluate the interior of the cab in developing and releasing the SPACE/S4 system.

d) IMMI's knowledge of MADYMO and FEA modeling in the context of steering wheel airbag design, performance, and evaluation for COE trucks.

e) The development and certification testing of the RollTek system installed for Mack for the 2014 project.

2.      The parties do not dispute the relevance of the discovery, and no claim has been asserted that the burden of production creates any issue with IMMI.

3.      The only hitch is that IMMI has represented that the information was created pursuant to agreements with Pierce Manufacturing, Inc. and Volvo Trucks North America, and that the agreements contractually obligate IMMI to maintain confidentiality over the requested information for proprietary business reasons. Consequently, IMMI has advised Plaintiff that it will produce the information, but that a court order is necessary.

---

[1]   The 4Front system is designed to activate in the event of a frontal collision, and the RollTek system is designed to deploy during a side rollover. (It is also possible to tune the systems so that RollTek deploys along with 4Front.) IMMI engineers incorporated seat belt pretensioners into the RollTek and 4Front systems for all occupants, along with seat pull-down systems for air suspension seats. The RollTek system operates by way of a sensor inside the cab, which continuously monitors the truck's stability. If the sensor detects an imminent frontal or rollover scenario, it initiates up to three events per seating position. First, the system tightens occupant seat belts to keep them securely in their seats. Second, it pulls down suspension seats to their lowest position to increase survivable space. And third, the system inflates side airbags in every outboard position to cushion head impact and reduce head and neck injuries during the crash. To provide protection to the driver and front seat occupant, IMMI offers the 4Front steering wheel-mounted driver frontal airbag an optional knee bolster airbag for the front seat passenger. (http://www.imminet.com/wp-content/uploads/2013/03/Emergency-Response-Guide-RollTek-4Front1.pdf).

4.      Plaintiff has agreed that the existing confidentiality order entered in this litigation will control production of the information thus protecting any proprietary interest claimed. That agreement was insufficient to satisfy IMMI.

5.      Plaintiff requests that the Court enter an order requiring IMMI to produce all responsive materials as requested in the discovery, of course subject to the confidentiality order in existence in the litigation.

6.      IMMI has agreed to serve this Motion on Pierce Manufacturing, Inc. and Volvo Trucks North America via their registered agents so that they may have the opportunity to intervene or otherwise be heard on the proposed resolution.

7.      Plaintiff requests that the Court provide IMMI with 5 days to serve the non-parties and provide the aforementioned non-parties 10 days from service of the Motion to file an objection.   If no objections are filed, then Plaintiff requests that the Court issue an order compelling IMMI to produce the above-referenced information. A proposed Order is attached as Attachment 1.

8.      Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" "Relevance under Rule 26 has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund*, *Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

9.      Determining the scope of discovery is within the discretion of the Court. *Harper v. Unum Grp.*, No. 2:15-CV-02146, at *2 (W.D. Ark. Aug. 29, 2016), citing *WWP*, *Inc. v. Wounded Warriors Family Support*, *Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011).

10.     The Eighth Circuit has recognized that a proper balance between the privacy interests of non-parties, and the discovery interests of a litigant, can be made, even in the context of private personnel records, to assure that relevant records of third-parties are produced when necessary in litigation. See, e.g., *Harper v. Unum Grp.*, No. 2:15-CV-02146, at *4 (W.D. Ark. Aug. 29, 2016), citing Eighth Circuit precedent.

11.     The existence, feasibility and thus relevance of safer alternative design evidence in product liability cases in Arkansas is well-accepted. Although a plaintiff in Arkansas is not tasked with the burden of proving that his "alternative safer design was available and feasible in terms of costs, practicality and technological possibility," the existence of a defect can be shown by evidence of the existence of a safer alternative design, including evidence that the alternative actually works. *Robinson v. Crown Equipment Corporation*, No. 2:02CV00084-WRW, at *4 (E.D. Ark. Mar. 30, 2006).

WHEREFORE, Plaintiff Burris Richard Stovall, as Guardian of Richard Joshua Stovall requests that the Court enter an order requiring IMMI to produce certain requested testing information that is under the custody and control of third-parties and for all other appropriate relief.

DATED this 3rd day of March, 2020.

RESPECTFULLY SUBMITTED,


Tab Turner AR Bar 85158
**TURNER & ASSOCIATES, P.A.**
4705 Somers Ave, Suite 100
North Little Rock, AR, 72116
501-791-2277 – Phone
501-791-1251 – Fax
tab@tturner.com

and

Ray Baxter (Bar 78012)
***THE BAXTER LAW FIRM***
3115 Alcoa Road
Benton, AR 72015
501-315-2971 – Phone
501-712-2856 – Fax
raybaxterpa@gmail.com

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this pleading was served on counsel of record as required by law on this the 3rd day of March, 2020.

COUNSEL FOR PLAINTIFF