**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 0 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| BURRIS RICHARD STOVALL, as Guardian of RICHARD JOSHUA STOVALL, an Incapacitated Adult, <br><br> Plaintiff, <br><br> v. <br><br> MACK TRUCKS, INC.; INDIANA MILLS & MANUFACTURING, INC.; JOHN DOES 1-10, <br><br> Defendants, <br><br> MUNICIPAL LEAGUE WORKERS' COMPENSATION TRUST, <br><br> Intervenor. | Case No. 4:16-cv-00713-JM |

## PIERCE MANUFACTURING, INC'S (NON-PARTY) OBJECTION TO PLAINTIFFS' MOTION FOR ORDER REQUIRING PRODUCTION OF CONFIDENTIAL TEST MATERIALS

Pierce Manufacturing, Inc., ("Pierce") by and through its undersigned counsel, hereby objects to Plaintiffs' Motion for Order Requiring Production of Confidential Test Materials in the Possession, Custody or Control of Indiana Mills & Manufacturing, Inc. ("IMMI") ("Plaintiffs' motion".) As reasons therefore, Pierce states the following:

1.      Pierce is not a party to the above-referenced action.

2.      Pierce received a copy of Plaintiffs' Motion on March 10, 2020 through certified mail to its process server, CT Corporation.

3.      Plaintiffs' motion asks for, an order for IMMI to produce "Work performed by IMMI for Pierce Manufacturing, Inc. regarding a steering wheel airbag and the 4Front System from 1997-2010 in Pierce's cab-over-engine trucks," among other things.

4.      Pierce's parent company, Oshkosh Corporation, and IMMI have a contractual agreement to maintain confidentiality over the requested documents and information ("Mutual Confidential Disclosure Agreement").

5.      Pierce objects to this Motion insofar as it seeks proprietary information for Injury Criteria Development and values that were developed by Pierce.  The Injury Criteria is not a Federal Standard for heavy trucks and is proprietary to Pierce.  As such, this information contains trade secrets, specifically with regard to airbag deployment.

6.      Arkansas Code Annotated § 4-75-601(4) defines "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: A) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and B) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

7.      Pierce's trade secrets derive independent economic value to it from not being generally known to those other who can obtain economic value from it (competitors), and has been subject to reasonable efforts under circumstances to maintain its secrecy, through the Mutual Confidential Disclosure Agreement.

8.      Arkansas Courts have also endorsed a six factor test to determine whether company information qualifies as a trade secret, weighing the following: "(1) the extent to which the information is known outside the business; (2) the extent to which the information is known by employees and others involved in the business; (3) the extent of measures taken by the company to guard the secrecy of the information; (4) the value of the information to the company and to its competitors; (5) the amount of effort or money expended by the appellee in developing the

*Stovall v. Mack Trucks, Inc., et al.*                                                                           Page 2 of 4
Pierce Manufacturing, Inc.'s Non-Party Objection to Plaintiff's Motion
for Order Requiring Production of Confidential Test Materials

information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *ConAgra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 677–78, 30 S.W.3d 725, 729 (2000); s*ee Saforo & Assoc., Inc. v. Porocel Corp.,* 337 Ark. 553, 991 S.W.2d 117 (1999).

9.      Due to the proprietary nature of this information, which Pierce has taken extensive measures to guard the secrecy thereof, and the value of the information to its competitors, the information Pierce is seeking to protect would reasonably be considered a trade secret under the *Saforo* line of cases.

10.      If this information was available in the public domain, it is likely that a competitor would use that information to their advantage, extinguishing the trade secret.

11.      If Pierce was required to divulge this information into the public sphere of information, it could cause irreparable harm to its business.

WHEREFORE, Pierce Manufacturing, Inc., respectfully requests that this Honorable Court deny Plaintiffs' motion as to confidential information sought from Pierce Manufacturing. Respectfully submitted,

Steve Harrelson                    AR Bar No. 2000086

**HARRELSON LAW FIRM**
1321 Scott Street
Little Rock, Arkansas 72202
Phone: (501) 374-2210
Fax:  (501) 374-2221
steve@harrelsonfirm.com


*Attorneys for Pierce Manufacturing, Inc.*

*Stovall v. Mack Trucks, Inc., et al.*                                                                 Page 3 of 4
Pierce Manufacturing, Inc.'s Non-Party Objection to Plaintiff's Motion
for Order Requiring Production of Confidential Test Materials

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing *Pierce Manufacturing, Inc.'s Non-Party Objection to Plaintiff's Motion for Order Requiring Production of Confidential Test Materials*, was forwarded to all parties of record via NextGen CM/ECF filing on this 20th day of March, 2020.

Steve Harrelson

*Stovall v. Mack Trucks, Inc., et al.*                                        Page 4 of 4
Pierce Manufacturing, Inc.'s Non-Party Objection to Plaintiff's Motion
for Order Requiring Production of Confidential Test Materials