IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| BURRIS RICHARD STOVALL, Administrator of the Estate of RICHARD JOSHUA STOVALL, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and INDIANA MILLS & MANUFACTURING, INC.<br><br>Defendants.<br><br>MUNICIPAL LEAGUE WORKERS' COMPENSATION TRUST,<br><br>Intervenor. | Case No. 4:16-cv-00713-JLH |

## DEFENDANT INDIANA MILLS & MANUFACTURING, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION AND SUBPOENA DUCES TECUM

Defendant Indiana Mills & Manufacturing, Inc. ("IMMI"), by counsel, for its responses and objections to Plaintiff Burris Richard Stovall's Third Amended Notice of Rule 30(B)(6) Deposition and Subpoena Duces Tecum, states as follows:

### GENERAL OBJECTIONS

1. IMMI objects to the Requests and Topics to the extent that they seek the production of testimony which is neither relevant nor reasonably designed to lead to the discovery of admissible evidence and to the extent that they are overly broad, unduly burdensome, and oppressive.

## Deposition Topics

1. Sled tests, crash tests, and CAE modeling regarding the S4-type pretensioner in the driver's seating position, or simulated seating position, of a commercial truck cab between 1997 and 2012.

> **RESPONSE TO TOPIC 1:** IMMI will produce a corporate representative to testify about sled tests, crash tests, and CAE modeling regarding the S4-type pretensioner with respect to cab-over-engine trucks from 1997-2012, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).
>
> OBJECTION. IMMI objects to this Topic because it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportionate to the needs of the case as it is not limited to cab-over-engine trucks. Without waiving these objections or the above General Objections, IMMI will provide a witness as stated above.

2. Work performed by IMMI for Pierce regarding a steering wheel airbag and the 4Front System from 1997-2010 in Pierce's cab-over-engine trucks, including IMMI's marketing brochures/literature that describes the purpose and operation of the 4Front System; Video presentations created for marketing that demonstrate, illustrate or technically show the purpose and operation of the 4Front System; Communications between IMMI and Mack about the 4Front System, limited to communications that made Mack aware of the existence of the technology, discussed the benefits of the technology, the cost and timing of installation and use of the technology, development work necessary to incorporate the technology, operation of the technology, test results showing the benefits of the technology, or use and availability of the technology, including use by competitors; the Design of the steering wheel airbag system provided to Pierce in the COE configuration; and testing of the system in the COE context.

> **RESPONSE TO TOPIC 2:** IMMI will produce a corporate representative to discuss generally: (1) its work to design and implement a steering wheel airbag and the 4Front System into Pierce's cab-over-engine trucks from 1997-2010; (2) the marketing brochures/literature for the 4Front System that have been produced in the above-captioned matter; and (3) the communications that have been produced between IMMI personnel that were assigned as account managers for

2

Mack and Mack representatives regarding the 4Front System from 1997-2012, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).

3. IMMI's knowledge of MADYMO and FEA modeling in the context of steering wheel airbag design, performance, and evaluation for COE trucks.

> **RESPONSE TO TOPIC 3:** IMMI will produce a corporate representative to discuss generally its use of MADYMO and FEA modeling in steering wheel airbag design, performance and evaluation for cab-over-engine trucks from 1997-2012, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).
>
> OBJECTION. IMMI objects to this Topic because it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportionate to the needs of the case as it is not limited in time; Without waiving these objections or the above General Objections, IMMI will provide a witness as stated above.

4. Sled tests, crash tests, and CAE modeling regarding the SPACE/S4 system in the driver's seating position, or simulated seating position, of a commercial truck COE-type cab between 1997 and 2012.

> **RESPONSE TO TOPIC 4:** IMMI will produce a corporate representative to discuss generally the information that it has produced in discovery in this matter relating to sled tests, crash tests, and CAE modeling regarding the SPACE/S4 system in the driver's seating position for cab-over-engine trucks from 1997-2012, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).

5. The development and certification testing of the RollTek system installed for Mack for the 2014 project.

> **RESPONSE TO TOPIC 5:** IMMI will produce a corporate representative to discuss generally the development and testing of the RollTek system performed regarding Mack truck models during the 2014 calendar year, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).

6. Scrap rates for the F10226 seatbelt system for the plants manufacturing the systems in 2012.

> **RESPONSE TO TOPIC 6:** IMMI will produce a corporate representative to discuss generally the scrap rates for the F10226 seatbelt system during the 2012 calendar year, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).

3

OBJECTION. IMMI objects to this Topic because it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportionate to the needs of the case as scrap rates during the manufacturing process have no bearing on the matters at issue in this case. Without waiving these objections or the above General Objections, IMMI will provide a witness as stated above.

7.      Communications between IMMI and the Volvo Group, Volvo Group North America, or Volvo Trucks about (a) the 4Front System and (b) RollTek technology between 2001 and 2012. This Topic is limited to communications that made Volvo aware of the existence of the technology; discussed the benefits of the technology; discussed the cost and timing of installation and use of the technology; discussed development work necessary to incorporate the technology; discussed the operation of the technology; discussed the test results showing the benefits of the technology; or discussed the use and availability of the technology, including use by competitors.

**RESPONSE TO TOPIC 7:** IMMI will produce a corporate representative to discuss the written presentations that were made to Volvo and the email correspondence between IMMI and Volvo that have been previously produced in this litigation, based on matters known or reasonably available to it pursuant to Rule 30(B)(6).

OBJECTION. IMMI objects to this Topic because it is overbroad, unduly burdensome, and seeks irrelevant information that is not proportionate to the needs of the case to the extent that it: (1) seeks information relating to trucks other than cab-over-engine design trucks; and (2) requires IMMI to search the email accounts of every IMMI representative that may have ever spoken to Volvo Group, Volvo Group North American, or Volvo Trucks (collectively "Volvo") and/or for IMMI to interview all of its employees regarding whether it spoke with persons employed by Volvo during the requested time-period. Without waiving these objections or the above General Objections, IMMI will provide a witness as stated above.

## IMMI'S RESPONSE TO PLAINTIFF'S SUBPOENA DUCES TECUM

1. Summary of the representative's work history and experience at IMMI, such as a resume or biography.

**RESPONSE:**

IMMI will produce the witness(es)' CV/resume at the deposition.

2. The materials and information each representative uses, reviews, or obtains to educate him or herself to speak for the corporation on each topic.

**RESPONSE:**

See the documents produced in response to Plaintiff's First Supplemental Requests for Production, which largely seek documentation relating to the topics set forth above. Also, see generally the documents produced by IMMI in this matter.

3. The written or computerized materials in the corporation's possession that represent the source of the corporation's knowledge or otherwise establishes the basis for the corporation's knowledge as to each topic.

**RESPONSE:**

See IMMI's response to Duces Tecum No. 2 above and generally the documents produced by IMMI during the course of the above-captioned litigation.

4. Compliance with the ESI protocol is expected.

**RESPONSE:**

IMMI has searched ESI, where requested and applicable, as specified in its responses to Plaintiff's discovery requests and/or correspondence enclosing and explaining its document productions.

5. If any information is withheld or redacted from the materials produced, a privilege log in compliance with federal law.

**RESPONSE:**

IMMI has not asserted privilege objections in response to Plaintiff's First Supplemental Requests for Production, which largely seek documentation relating to the topics set forth above.


By: _____
James M. Simpson, Ark. Bar No. 77125
Martin A. Kasten, Ark Bar No. 99100
FRIDAY, ELDREDGE & CLARK
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3522
(501) 370-1520 – Telephone
(501) 370-2147 - Facsimile
simpson@fridayfirm.com - Email
mkasten@fridayfirm.com - Email

and

Randall R. Riggs *(pro hac vice)*
Blake N. Shelby *(pro hac vice)*
Haley A. Johnston *(pro hac vice)*
FROST BROWN TODD LLC
201 N. Illinois Street, Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
(317) 237-3800 - Telephone
(317) 237-3900 – Facsimile
rriggs@fbtlaw.com - Email
bshelby@fbtlaw.com – Email
hjohnston@fbtlaw.com – Email

*Attorneys for Defendant Indiana Mills & Manufacturing, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of July, 2020, a copy of the foregoing was served upon the following parties via the Court's electronic service system:

J. Ray Baxter
James R. Baxter
THE BAXTER LAW FIRM
3115 Alcoa Road
Benton, AR 72015
ray.baxterpa@gmail.com
jrybaxter@gmail.com

*Attorneys for Plaintiff*

Edwin L. Lowther, Jr.
WRIGHT, LINDSEY & JENNINGS, LLP
200 W. Capitol Ave., Suite 2300
Little Rock, AR 72201
elowther@wlj.com

Charles K. Reed (*pro hac vice*)
Franklin P. Brannen, Jr. (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1180 Peachtree St., NE, Suite 2900
Atlanta, GA 30309

*Attorneys for Mack Trucks, Inc.*

Clyde Tab Turner
Jerry M. White
Damon C. Singleton
TURNER & ASSOCIATES, P.A.
4705 Somers Ave., Suite 100
North Little Rock, AR 72116
tab@turner.com
jerry@turner.com
damon@turner.com

*Attorneys for Plaintiff*

Melissa Wood
WORLEY, WOOD & PARRISH, P.A.
1318 S. Main Street, Ste. 200
Little Rock, AR 72202

*Attorney for Intervenor Municipal League Workers' Compensation Trust*

Steve Harrelson
HARRELSON LAW FIRM
1321 Scott Street
Little Rock, AR 72202
*Attorneys for Pierce Manufacturing, Inc.*

/s/ James M. Simpson