IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BURRIS RICHARD STOVALL, Administrator
of the Estate of RICHARD JOSHUA STOVALL,
Deceased                                                                                              PLAINTIFF

vs.                            CASE NO.: 4:16-cv-00713-JM

MACK TRUCKS, INC., INDIANA MILLS
& MANUFACTURING, INC., JOHN DOES 1-10                              DEFENDANTS

MUNICIPAL LEAGUE WORKERS'
COMPENSATION TRUST                                                                           INTERVENOR

## ANSWER OF MACK TRUCKS, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Mack Trucks, Inc., ("Mack") by and through counsel, provides its Answer to Plaintiff's Second Amended Complaint, stating:

1. Answering Paragraph 1 of Plaintiff's Second Amended Complaint, Mack denies liability for all claims asserted against it in Plaintiff's Second Amended Complaint. Mack admits that Plaintiff's Second Amended Complaint asserts claims against the Defendants.

2. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint.

3. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

4. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint.

5. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

4848-7536-4290.1

6. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Answering Paragraph 7 of Plaintiff's Second Amended Complaint, Mack admits that the subject truck is a 2013 MRU613 designed, in part, and manufactured, in part, by Mack. Mack denies the remaining allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Answering Paragraph 11 of Plaintiff's Second Amended Complaint, Mack admits the first sentence of Paragraph 11 and admits the MRU613 was first marketed to consumers by Mack Trucks in 2006-2007 and reflected a new emissions modification. Mack denies the remaining allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12. Answering Paragraph 12 of Plaintiff's Second Amended Complaint, Mack admits that the subject truck is a low-cab-over-engine design and admits the second sentence of Paragraph 12. Mack denies the remaining allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13. Answering Paragraph 13 of Plaintiff's Second Amended Complaint, Mack admits it sold the subject truck to Tri-State Truck Center. Mack lacks information or

knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Answering Paragraph 14 of Plaintiff's Second Amended Complaint, Mack admits that at the time of manufacture of the subject truck, it was in the business of manufacturing complete and incomplete vehicles for sale to authorized dealers. Mack lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Answering Paragraph 15 of Plaintiff's Second Amended Complaint, Mack admits that the subject driver's seat was manufactured by Bostrom and the driver safety belt system was manufactured and supplied by IMMI.

16. Answering Paragraph 16 of Plaintiff's Second Amended Complaint, Mack admits that the driver safety belt system was a three-point safety belt system.

17. Mack denies the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Answering Paragraph 18 of Plaintiff's Second Amended Complaint, Mack admits that IMMI designed, manufactured, and assembled the driver restraint system as a component part that Mack installed in the subject truck. Mack denies the remaining allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint

19. Answering Paragraph 19 of Plaintiff's Second Amended Complaint, Mack admits the second sentence of Paragraph 19 and denies the remaining allegations.

20. Mack denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Mack denies the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Answering Paragraph 23 of Plaintiff's Second Amended Complaint, Mack admits that Plaintiff filed an original complaint making allegations against Mack and Volvo Group North America, LLC.

24. Answering Paragraph 24 of Plaintiff's Second Amended Complaint, Mack states that the original Complaint speaks for itself.

25. Answering Paragraph 25 of Plaintiff's Second Amended Complaint, Mack admits that Plaintiff filed a motion for leave to file an Amended Complaint on June 28, 2017 seeking to add IMMI as a defendant.

26. Answering Paragraph 26 of Plaintiff's Second Amended Complaint, Mack admits that IMMI subsequently appeared and answered.

27. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Answering Paragraph 32 of Plaintiff's Second Amended Complaint, Mack admits that it is a Pennsylvania corporation with its principal place of business in North Carolina. Mack has appeared, answered, and is represented by counsel. Mack designed, in part, manufactured, in part, tested, in part, and distributed the subject truck to its authorized dealer. Mack denies the remaining allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34. Mack admits the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Mack admits the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Answering Paragraph 36 of Plaintiff's Second Amended Complaint, Mack does not object to personal jurisdiction in this matter. Mack denies the remaining allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37. Answering Paragraph 37 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-36 as if repeated word-for-word herein.

38. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. Mack denies the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40. Mack denies the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43. Answering Paragraph 43 of Plaintiff's Second Amended Complaint, Mack denies that it is liable to Plaintiff in any way. To the extent this paragraph contains conclusions of law, Mack denies those allegations.

44. Answering Paragraph 44 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-43 as if repeated word-for-word herein.

45. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Mack denies the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48. Mack denies the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49. Mack denies the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50. Answering Paragraph 50 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-49 as if repeated word-for-word herein.

51. Mack admits that it designs, tests and manufactures, in part, commercial vehicles for sale. Except as admitted herein, the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint are denied.

52. Answering Paragraph 52 of Plaintiff's Second Amended Complaint, Mack admits that it supplied the 2013 model commercial vehicle to its authorized dealer and that the truck was equipped with a safety belt system for the driver that was supplied by IMMI. Except as specifically admitted herein, the allegations contained in paragraph 52 of the Plaintiffs' Second Amended Complaint are denied.

53. Answering Paragraph 53 of Plaintiff's Second Amended Complaint, Mack admits that the subject truck contained a three-point driver seatbelt system that included an emergency locking retractor, webbing, and a Komfort latch. Mack lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Answering Paragraph 54 of Plaintiff's Second Amended Complaint, Mack admits that IMMI supplied the driver seat belt system for the subject truck. Mack denies the remaining allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint.

55. Answering Paragraph 54 of Plaintiff's Second Amended Complaint, Mack admits the subject Mack vehicle complied with all applicable requirements. Except as

specifically admitted herein, the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint are denied.

56. Answering Paragraph 56 of Plaintiff's Second Amended Complaint, Mack admits that IMMI has supplied seat belt systems to Mack and that IMMI has made presentations to Mack about safety systems. Mack denies as worded the remaining allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. Mack denies the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Mack denies the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60. Mack denies the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

61. Answering Paragraph 61 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-60 as if repeated word-for-word herein.

62. Mack denies the allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint.

63. Mack denies the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

64. Mack denies the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

65. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

66. Mack denies the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

67. Mack denies the allegations contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

68. Answering Paragraph 68 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-67 as if repeated word-for-word herein.

69. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 69 of Plaintiff's Second Amended Complaint.

70. Mack denies the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

71. Mack denies the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint.

72. Mack denies the allegations contained in Paragraph 72 of Plaintiff's Second Amended Complaint.

73. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Second Amended Complaint.

74. Mack denies the allegations contained in Paragraph 74 of Plaintiff's Second Amended Complaint.

75. Mack denies the allegations contained in Paragraph 75 of Plaintiff's Second Amended Complaint.

76. Answering Paragraph 76 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-75 as if repeated word-for-word herein.

77. Mack denies the allegations contained in Paragraph 77 of Plaintiff's Second Amended Complaint.

78. The allegations contained in Paragraph 78 of Plaintiff's Second Amended Complaint are conclusions of law and are therefore denied.

79. Mack lacks information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiff's Second Amended Complaint.

80. Mack denies the allegations contained in Paragraph 80 of Plaintiff's Second Amended Complaint.

81. Mack denies the allegations contained in Paragraph 81 of Plaintiff's Second Amended Complaint.

82. Answering Paragraph 82 of Plaintiff's Second Amended Complaint, Mack incorporates and adopts paragraphs 1-81 as if repeated word-for-word herein.

83. The allegations contained in Paragraph 83 of Plaintiff's Second Amended Complaint are conclusions of law and are therefore denied.

84. Mack denies the allegations contained in Paragraph 84 of Plaintiff's Second Amended Complaint.

85. Mack denies the allegations contained in Paragraph 85 of Plaintiff's Second Amended Complaint.

86. Mack denies the allegations contained in Paragraph 86 of Plaintiff's Second Amended Complaint.

87. Mack denies the allegations contained in Paragraph 87 of Plaintiff's Second Amended Complaint.

88. Mack denies the allegations contained in Paragraph 88 of Plaintiff's Second Amended Complaint.

89. Mack denies the allegations contained in Paragraph 89 of Plaintiff's Second Amended Complaint.

90. Mack denies the allegations contained in Paragraph 90 of Plaintiff's Second Amended Complaint.

91. Mack denies the allegations contained in Paragraph 91 of Plaintiff's Second Amended Complaint.

92. Mack denies the allegations contained in Paragraph 92 of Plaintiff's Second Amended Complaint.

93. Mack denies the allegations contained in Paragraph 93 of Plaintiff's Second Amended Complaint.

94. Mack denies the allegations contained in Paragraph 94 of Plaintiff's Second Amended Complaint.

95. All allegations against Mack that are not specifically admitted herein are denied.

96. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Second Amended Complaint should be dismissed for lack of personal jurisdiction, improper venue, and failure to state facts or a claim upon which relief can be granted.

97. Any injuries or damages sustained by Plaintiff were proximately caused by the negligence of Plaintiff's decedent or a third party to whom Defendant owes no duty and over whom Defendant exercises no control.

98. Defendant adopts all affirmative defenses available to it under the Arkansas Product Liability Act, Ark. Code Ann. § 16-116-101, et. seq.

99. Defendant adopts all affirmative defenses available to it under the Arkansas Civil Justice Reform Act of 2003, as amended by Act 1116 of the 2013 Arkansas General Assembly, including the apportionment of fault.

100. Some or all of Plaintiff's claims may be preempted by federal law.

101. Plaintiff failed to give notice to Defendant of an alleged breach of warranty before filing suit as required under Ark. Code Ann. § 4-2-607. Therefore, Plaintiff has failed to state a breach of warranty claim for which relief can be granted and his Count II warranty claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

102. Plaintiff has failed to state a claim against Mack Trucks under the Arkansas Deceptive Trade Practices Act, and, therefore, Plaintiff's Count IV claims should be dismissed under Fed. R. Civ. P. 12(b)(6).  Specifically, all allegations of a violation of the ADPTA in Count IV are directed toward defendant Volvo Group North America, LLC, not Mack Trucks.  Further, Plaintiff has no private cause of action under the ADPTA against this Defendant to the extent any allegations in Count IV can be inferred as pertaining to conduct of this Defendant that is regulated by the U.S. Department of Transportation or other federal or state agency.

103. Plaintiff's punitive damages claims are unconstitutional and should be dismissed for the following reasons:

    a) Plaintiff's Complaint, to the extent it seeks punitive damages, violates the Due Process Clauses and Equal Protection Clauses of the United States and Arkansas Constitutions.

    b) Plaintiff's claim for punitive damages cannot be sustained because an award of such damages under Arkansas Model Jury Instructions would be unconstitutional since those instructions do not provide constitutionally adequate standards for determining liability for, or the appropriate amount of punitive damages, which violates Mack's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Arkansas.

    c) Plaintiff's claim for punitive damages cannot be sustained because a jury may award punitive damages against Mack under Arkansas law even if Mack has not engaged in intentionally malicious conduct or had no actual knowledge of malicious conduct, in violation of Mack's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Arkansas.

    d) Plaintiff's claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for, and the amount of, punitive damages fails to give Mack prior notice of conduct for which punitive damages may be imposed and are void for vagueness in violation of

      Mack's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Arkansas.

e) Plaintiff's claim for punitive damages cannot be sustained because under Arkansas law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate standards to ensure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates Mack's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Arkansas.

f) Plaintiff's claim for punitive damages cannot be sustained because under Arkansas law, a jury award of punitive damages is not subject to post-trial review through an evidentiary hearing that requires the trial court to weigh the excessiveness of the award, in violation of Mack's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Arkansas.

g) An award of punitive damages in this case would violate the United States and Arkansas Constitutions to the extent it may award damages to Plaintiff for actions Mack allegedly performed outside of the State of Arkansas.

Mack requests a trial by jury on all genuine issues of material fact.

WHEREFORE, having fully answered, Mack Trucks, Inc. prays that the Second Amended Complaint be dismissed, for costs expended, and all other appropriate relief.

Respectfully submitted, this 18th day of September, 2020.

> By: /s/ Franklin P. Brannen, Jr.
> Franklin P. Brannen, Jr. (admitted *pro hac vice*)
> Email: Frank.Brannen@lewisbrisbois.com
> Charles K. Reed (admitted *pro hac vice*)
> Email: Chuck.Reed@lewisbrisbois.com
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1180 Peachtree Street NE
> Atlanta, GA 30309
> PHONE: 404-348-8585
> FAX: 404-467-8845
>
> -and-
>
> Edwin L. Lowther, Jr. (81107)
> Email: elowther@wlj.com
> WRIGHT LINDSEY JENNINGS LLP
> 200 W. Capitol Ave., Suite 2300
> Little Rock, Arkansas 72201
> PHONE: 501-371-0808
> FAX: 501-376-9442
>
> Attorneys for Mack Trucks, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Tab Turner – tab@tturner.com
J. Ray Baxter – raybaxterpa@gmail.com
Jerry M. White – jerry@tturner.com
Damon C. Singleton – damon@tturner.com
J.R. Baxter – jrybaxter@gmail.com
*Attorneys for Plaintiff*

James M. Simpson, Jr.– simpson@fridayfirm.com
Martin A. Kasten – mkasten@fridayfirm.com
Randall R. Riggs – rriggs@fbtlaw.com
Blake N. Shelby – bshelby@fbtlaw.com
Haley A. Johnston – hjohnston@fbtlaw.com
*Attorneys for Defendant Indiana Mills & Manufacturing, Inc.*

Melissa Wood
*Attorney for Intervenor Municipal League Workers' Compensation Trust*

            By: /s/ Franklin P. Brannen, Jr.
            Franklin P. Brannen, Jr. (admitted *pro hac vice*)
            Email: Frank.Brannen@lewisbrisbois.com
            LEWIS BRISBOIS BISGAARD & SMITH LLP
            1180 Peachtree Street NE
            Atlanta, GA 30309
            PHONE: 404-348-8585
            FAX: 404-467-8845
            Attorneys for Mack Trucks, Inc.