UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| BURRIS RICHARD STOVALL, Administrator of the Estate of RICHARD JOSHUA STOVALL, Deceased<br><br>    Plaintiffs<br><br>vs.<br><br>MACK TRUCKS, INC; INDIANA MILLS & MANUFACTURING, INC.<br><br>    Defendants. | **Civil No. 4:16-cv-00713-JM** |

## AMENDED FINAL SCHEDULING ORDER

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.    TRIAL DATE**

This case is rescheduled for JURY TRIAL before Judge James M. Moody Jr. commencing at **9:15 a.m.** on **April 18, 2022** in Courtroom #4A in Little Rock, Arkansas. If counsel wish to bring electronic devices to the courthouse for any proceeding, please note Amended General Order No. 54.

**2.    DISCOVERY**

Discovery should be completed no later than **December 23, 2021.** The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

Before presenting a discovery dispute to the Court, counsel must confer with opposing counsel in a good faith effort to resolve the dispute. "Confer" means to have a conference, to talk with, to

discuss: writing a letter or sending an email does not suffice.

If the parties cannot resolve a discovery dispute despite conferring in good faith, the dispute may be presented to the Court by motion pursuant to Fed. R. Civ. P. 37 or by letter to the Court, which may be sent by facsimile or email. If the party seeking discovery presents the issue to the Court by letter, the opposing party may respond by letter to the Court within twenty-four (24) hours. If the party seeking discovery files a motion pursuant to Rule 37, the opposing party may respond within seven (7) days. If a hearing is needed, the Court will schedule one to be conducted by telephone or in person as soon as possible.

The following deadlines shall govern expert discovery:

> **September 24, 2021:** Plaintiff shall disclose his expert witnesses pursuant to Fed. R. Civ. P. 26.
>
> **October 25, 2021:** Defendants shall disclose their expert witnesses pursuant to Fed. R. Civ. P. 26.

Without waiving the right to withdraw any currently retained experts and/or any work product privileges associated with any retained experts, within thirty (30) days after the entry of this Order, the parties agree to exchange dates that their currently retained experts are available to be deposed, preferably between September 24, 2021 and December 23, 2021. The parties agree and understand that Plaintiff's experts on a particular subject matter (i.e. accident reconstruction, biomechanics, etc.) will be deposed before the Defendants' experts on the same subject matter are deposed.

## 3. ADDITION OF PARTIES/AMENDMENT OF PLEADINGS

The parties do not anticipate adding additional parties or amending the pleadings. Any party wishing to add parties or amend the pleadings must request leave and show good cause.

## 4. STATUS REPORT

A status report must be filed with the Clerk's office on or before **February 16, 2022**. The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

## 5. MOTION DEADLINE

Motions for summary judgment, and all motions, except motions in limine, must be filed on or before **December 23, 2021.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. Motions in limine must be filed on or before **March 18, 2022** and responses must be filed seven (7) days thereafter. Daubert motions must be filed on or before **February 16, 2022.** Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file

with the Clerk a concise statement in opposition to the motion with supporting authorities." Any reply to a response to a motion must be filed within seven (7) days of service of the response. The Court may or may not wait on the filing of a reply before ruling on the motion. Summary judgment motions, as well as other motions, will be subject to the times stated in this paragraph.

### 6. PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy and opposing counsel no later than **March 18, 2022.** That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

### 7. DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **March 18, 2022**. Counter-designations must be made by **March 28, 2022.** These designations need not be filed with the Court but should be exchanged by the parties. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **April 1, 2022** with the response due **April 8, 2022.** Depositions to be read at trial must be marked as exhibits.

### 8. JURY INSTRUCTIONS AND STATEMENT OF CASE

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **March 18, 2022.** Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. NOTE: DO NOT include the standard opening and closing instructions. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions may be submitted in WordPerfect format electronically to jlhchambers@ared.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions it wishes the Court to pose to the panel.

### 9. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy seven (7) days before the trial date.

### 10. INTRODUCTION OF EXHIBITS

All exhibits must be listed on the enclosed form in numerical sequence. Exhibits must be made

available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom Deputy thirty (30) minutes before the beginning of trial, with notations made on the Court's copy noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

**11.      CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Courtroom Deputy to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise the Courtroom Deputy immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated this 15th day of January, 2021.

AT THE DIRECTION OF THE COURT
JAMES W. McCORMACK, CLERK

By: ___Kacie Glenn_____
Courtroom Deputy

APPROVED AS TO FORM AND SUBSTANCE:


/s/ C. Tab Turner_____
COUNSEL FOR PLAINTIFF



/s/ Charles K. Reed_____
COUNSEL FOR MACK TRUCKS



/s/ Blake N. Shelby_____
COUNSEL FOR INDIANA MILLS