IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BURRIS RICHARD STOVALL, Administrator
of the Estate of RICHARD JOSHUA STOVALL,
Deceased                                                                                                PLAINTIFF

vs.                                              No. 4:16-cv-713-JM

MACK TRUCKS, INC., *et al.*                                                                    DEFENDANTS

## ORDER

The Court has several motions to take up in advance of the jury trial set for this matter on April 18, 2022. A telephone conference was held this morning at which additional argument was heard on some of the pending motions.

1. <u>Legal standards</u>.   Pursuant to Federal Rule of Evidence Rule 702 and *Daubert*,[1] expert opinion testimony is admissible if it is scientifically valid and will assist the trier of fact. It is the court's role to be a gatekeeper and to exclude "subjective speculation that masquerades as scientific knowledge." *Glastetter v. Novartis Pharms. Corp.*, 252 F.3d 986, 989 (8th Cir. 2001).

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997).

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)

2. <u>Mack Truck's motion to exclude the testimony of Dr. Sri Kumar, Plaintiff's biomechanical expert</u>. (Doc. 255). Mack does not challenge Dr. Kumar's qualifications as a biomechanical engineer. I have read Dr. Kumar's report and his deposition in its entirety. While his testimony may be somewhat confusing in the form of a deposition, I find that his opinions are based on scientifically relevant methodology and survive Mack's *Daubert* challenge. Mack's argument that Dr. Kumar's opinions regarding occupant kinematics violate Newton's Third Law of Motion is a challenge to his conclusions and is without merit. I find that Dr. Kumar's testimony is based on scientific knowledge, that it is reliable, and that will be useful to the jury. From a gatekeeping perspective, his testimony is admissible. This motion is denied.

3. <u>Plaintiff's motions to exclude the opinions of Mack's expert Dr. Michelle Vogler as to accident reconstruction.</u> (Doc. 284). Plaintiff does not challenge Dr. Vogler's qualifications. Instead, he challenges Dr. Vogler's reconstruction opinions as being incomplete and her methodology unsound and therefore excludable under Rule 702 and *Daubert*. After reviewing her report and her deposition testimony, I find that the challenges Plaintiff makes to Dr. Vogler's reconstruction analysis—ignoring the sequence of events that occurred after the truck impacted the trees, relying on the incomplete recorded data from the Vehicle Electronic Control Unit and assuming constant deceleration, and failing to visit the scene of the accident—go more to the weight of the evidence than its admissibility. *See Miles v. Gen. Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001) and *Shoaf v. Am. Way Transports, Inc.*, 47 F. App'x 780 (8th Cir. 2002).

4. <u>Plaintiff's motion to exclude Dr. James Funk as a biomechanics expert</u>. (Doc. 286). Whether the seatbelt was locked in the surrogate study conducted by Dr. Funk is not conclusively determined by the deposition testimony relied on by Plaintiff in this motion—and

this is a problem for Defendants' experts.   Dr. Funk's testimony paraphrased testimony is that "we locked up the seatbelt . . . I don't exactly recall how we locked it, I think Dr. Van Arsdell was in charge . . . we did this more than three years ago so my memory is a little dim." (Doc. 293-1, p. 17). On the other hand, another of Defendant's experts, Dr. Van Arsdell, testified that in the surrogate study "the seatbelt was not locked, . . . it's in an unlocked retractor scenario, of course"; that the surrogate driver was not asked to lock the retractor; and that if Dr. Funk locked the seatbelt before [the surrogate driver was asked to lean forward] "I was not aware of that." (Doc. 293-2, p. 22). Van Arsdell also testified that if the surrogate driver "strained into the belt he – he might be able to get close, but I haven't evaluated that."   (Doc. 293-2, p. 23)    After hearing the parties' arguments at the phone conference this morning and reviewing the portion of Dr. Funk's deposition that Plaintiff pointed the Court to, however, I conclude that this is fodder for cross-examination and not a grounds for exclusion.

      Plaintiff argues that there is an analytical gap between Dr. Funk's opinion as to crashworthiness and the Castaneda study involving passenger cars.   Reading Dr. Funk's report in its entirety, I find that his opinions regarding roof strength are based on more than this study. His opinion is based on his experience with crash testing and is not based on speculation—it is not junk science from which the jury needs to be protected.   Plaintiff's motion to exclude Dr. Funk's testimony is denied.

      The Court's rulings on each these motions to exclude experts are from a gatekeeping perspective.   Counsel, as always, maintains the responsibility to make timely and specific objections to testimony elicited at trial.

      5.   <u>Mack Truck's motion for summary judgment</u>.   (Doc. 256).   Mack's motion for

summary judgment on the claims of strict liability, negligence, and breach of warranty relies on the exclusion of the opinions of Dr. Sri Kumar and the absence of proof of causation.  This portion of the motion is denied as the Court is allowing his testimony.

Mack moves for summary judgment on Plaintiff's claim for violations of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-107.  To establish a violation of the ADTPA, Plaintiff must show that Mack engaged in a "deceptive consumer-oriented act or practice which is misleading in a material respect" and which resulted in injury.  Mack argues that Plaintiff has not come forward with evidence that Mack made any statement that is misleading in a material respect.  However, Plaintiff has produced evidence regarding Hot Springs's invitation for bids for trucks with the specification that the truck's body would "conform in strength, quality of material and workmanship to that provided by the best manufacturing and engineering practices of the industry," that Mack was made aware of the bid specification, and that Mack's agent Tri-State produced the Mack MRU-613 truck in response to the bid.  Plaintiff has also submitted evidence that this truck did not employ the best manufacturing and engineering practices of the industry.[2]

Mack also moves for summary judgment on Plaintiff's claim of punitive damages arguing that Plaintiff does not have evidence that "the defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and the he or she continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred."  Ark. Code Ann. § 16-55-206.  Punitive damages may be awarded when a tortfeasor has acted with conscious indifference

---

[2] Doc. No. 271, pp. 5-18.

from which malice may be inferred.  *Yeakley v. Doss*, 257 S.W.3d 895, 899 (Ark. 2007).

Plaintiff has submitted evidence of numerous safety features that were available to bolster the crashworthiness of the Mack MRU-613 sanitation truck involved in Mr. Stovall's accident and that Mack was aware of these features, including the use of galvanized steel, seatbelt pretensioners, S4 seats, all-belts-to-seat features, and airbags, but did not utilize them. Brian Herbst, Plaintiff's expert, testified that he is not aware of any standard testing relating to cab strength that Mack had performed and that, in spite of the City of Hot Springs's bid for a truck with a body that provided "the best manufacturing and engineering practices of the industry," this truck did not meet those standards.  Mack also received a bid from IMMI in 2009 in response to a request from of New York City to make driver's airbags standard in cab-over-engine sanitation trucks like this one along with seatbelt pretensioners and a S4 seat, but no evidence that the safety measures were implemented.    There is also the issue of the unavailability of airbag testing conducted by Mack in the 1990's.  Based on the forgoing, as well as the other evidence outlined in Plaintiff's brief,[3] I find that Plaintiff has come forward with sufficient evidence from which a jury could find that Mack acted with conscious indifference. *See Ford Motor Co. v. Washington*, 2013 Ark. 510, 431 S.W.3d 210 (2013) and *Dalrymple v. Harris Waste Mgmt. Grp., Inc.*, No. 5:04CV00006 SWW, 2005 WL 8164720 (E.D. Ark. Nov. 23, 2005).

For the foregoing reasons, Mack's motion for summary judgment is denied.

6. <u>Plaintiff's supplemental motion to compel.</u>   (Doc. 275).   At the phone conference held this morning, the parties outlined a deposition scheduled for next week, Defendant

---

[3] Doc. No. 271, pp. 5-18.

discussed continuing efforts to locate documents that have been ordered produced, and the parties discussed finding a substitute to depose in place of the late Mr. Wickline. The supplemental motion to compel is being taken under advisement.

7. <u>Plaintiff's motion for continuance and to modify schedule.</u> (Doc. 288). The trial will be continued to allow the completion of the outstanding discovery and to accommodate the Court's docket. The remaining deadlines will be reset. An amended final scheduling order will be entered.

6. <u>Conclusion</u>. Mack Truck's motion to exclude the testimony of Sri Kumar (Doc. 255) is DENIED; Plaintiff's motion to exclude the testimony of Michelle Vogler (Doc. 284) is DENIED; Plaintiff's motion to exclude the testimony of James Funk (Doc. 286) is DENIED; Mack Truck's motion for summary judgment (Doc. 256) is DENIED; Plaintiff's supplemental motion to compel (Doc. 275) is taken under advisement; and Plaintiff's motion for continuance (Doc. 288) is GRANTED.

IT IS SO ORDERED this 18th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE