IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BURRISS RICHARD STOVALL,
Administrator of the Estate of
RICHARD JOSHUA STOVALL, Deceased                               PLAINTIFF

vs.                             No. 4:16-cv-713-JM

MACK TRUCKS, INC., *et al.*                                    DEFENDANTS

ORDER

Pending are several motions in limine that need to be resolved.

1. Plaintiff Burriss Richard Stovall, Administrator of the Estate of Richard Joshua Stovall, Deceased ("Stovall") filed a motion in limine to preclude evidence that Josh Stovall must have fallen asleep at the wheel and that is what caused his accident.[1] Mack Trucks, Inc. ("Mack") responded that it intends to present Josh's medical records, the testimony of Erin Holleman, APN, and the testimony of Josh's ex-wife Meghan Tadlock regarding what Mack repeatedly characterizes as a "history of a daytime sleepiness condition."[2] The Court finds that the evidence from Josh's medical records, Erin Holleman, and Megan Tadlock is inadmissible under both Fed. R. Evid. 404(b)(1) and 403. The motion in limine is granted.

2. Stovall filed a motion in limine to admit medical billing and to exclude evidence of collateral sources, insurance, and workers' compensation coverage.[3] Mack advised the Court by email that the parties have worked together on the issue of the admission of medical bills and records and that it does not oppose the motion on collateral sources. However, a couple of days after Stovall filed this motion, Intervenor Municipal League Workers'' Compensation Trust filed

---

[1] Doc. No. 344.
[2] Doc. No 369.
[3] Doc. No. 345.

a motion in limine regarding its need to put on evidence of workers' compensation benefits it paid in order to prove its potential entitlement to subrogation.[4] Neither Stovall nor Mack responded to that motion. The parties are directed to advise the Court if they have come to an agreement on how and when this evidence will be submitted.

    3. Stovall filed an omnibus motion in limine[5] on the following topics:

    a. The hiring of counsel. This motion is not opposed and is granted.

    b. Good character evidence. This motion is granted in part; Mack will be allowed to discuss and introduce evidence concerning only the benefits of the model of the Mack model MRU.

    c. Evidence of Mack's compliance with industry or regulatory standards "that have nothing to do with the issues in the case." Mack responded that it does not intend to offer specific evidence of its compliance with every industry or regulatory standards but that it should be able to submit evidence that it complied with all industry and regulatory standards in the design and testing of the subject Mack Model MRU-613. The Court agrees. To the extent that Mack would offer irrelevant evidence of compliance with standards that are not applicable in this case, the motion is granted.

    d. Lack of government safety requirements on a particular topic as evidence that the truck is reasonably safe. This motion is granted in part and denied in part. Mack cannot argue that the lack of safety regulations requiring airbags in heavy commercial trucks is dispositive of the issue that the MRU-613 was reasonably safe, but the lack of a safety regulation requiring an airbag for

---

[4] Doc. No. 347.
[5] Doc. No. 350.

2

Class 8 trucks is relevant and admissible but not dispositive.

    e.  Alleged federal preemption.  This motion is not opposed and is granted.

    f.  Congressional intent as to regulations.  This motion is denied on the grounds that it is too vague.

    g.  Any reference to settlement, settlement discussions, or settlements with other parties.  This motion is not opposed and is granted.

    h.  Spoliation and attempts to explain away missing records that should exist under the company's record retention rules.  This motion is denied.  Stovall is not to argue or elicit testimony about the Court's involvement with any discovery disputes. The Court is not going to give a spoliation instruction. The parties can request clarification on this ruling, if it is needed, at the pretrial hearing set for November 3, 2022.

    4.  Mack filed a motion in limine to exclude Dr. Ralph Scott as an expert witness in this case.[6]  Mack seeks to exclude Dr. Scott's opinion testimony on the value of statistical life ("VSL") as being unreliable and irrelevant.  The Court joins with other courts in this district in finding that the VSL testimony is inadmissible.  *See Crouch v. Master Woodcraft Cabinetry, LLC*, No. 2:20-CV-00078 KGB, 2021 WL 4150206, at *4–5 (E.D. Ark. Sept. 13, 2021) (quoting *Hannibal v. TRW Vehicle Safety Sys., Inc.*, No. 4:16CV00904 JLH, 2018 WL 3797500 (E.D. Ark. Aug. 9, 2018):

> As the *Hannibal* court explained:
>
> No court applying Arkansas law has ruled as to whether expert testimony may be admitted to assist the jury in determining loss of life damages. An overwhelming majority of courts from other jurisdictions, however, have concluded that the methodology adopted by Dr. Summary does not meet the *Daubert* standards and

---

[6] Doc. No. 355

may not be admitted into evidence. *Smith v. Jenkins*, 732 F.3d 51, 66 (1st Cir. 2013); *Kurncz v. Honda North America, Inc.*, 166 F.R.D. 386, 388-89 (W.D. Mich. 1996). Dr. Summary explains in her report that the value of a statistical life methodology is based upon the trade-off between risk and money. It involves the assignment of monetary values to death risks based upon how much persons are willing to spend for a small reduction in the risk of death. Dr. Summary's value here is based upon government studies used to assign values to human lives in conducting cost/benefit analyses for potential government projects. The First Circuit in *Smith* has explained why this is not a reliable methodology for determining the value of a human life. 732 F.3d at 66-67. In addition to being unreliable, Dr. Summary's analysis would not assist the jury in determining what value Krista Hannibal placed on her own human life. It has nothing to do with Krista specifically. *Cf. id.* at 67 ("Even assuming that Dr. Smith's formula is a reliable measure of the value of life, it was of no assistance to the jury in calculating Smith's loss of enjoyment of life."). 2018 WL 3797500, at *3.

This Court adopts the same reasoning and, therefore, excludes Dr. Scott's proposed testimony that would present for the jury's "consideration the value that government agencies place on the statistical value of life," including the documents published by the United States Department of Transportation and the Environmental Protective Agency suggesting values of life.

To the extent that Stovall is offering Dr. Scott's testimony on the value of a statistical life methodology, the motion is granted. If Dr. Scott has given any opinions not relying on VSL, he will be permitted to testify.

The Court agrees with Stovall that this motion is, in fact, an untimely *Daubert* motion. However, the Court cannot knowingly permit evidence based on unreliable methodology to be presented to the jury. If Stovall wishes to make a motion to continue the trial in light of this eve-of-trial ruling, which may have a significant impact on the presentation of his damage evidence, the Court will consider it. Such a motion should be made by Monday, October 24, 2022.

5. Mack filed an omnibus motion in limine[7] on the following four issues:

---

[7] Doc. No. 357.

a. Exclusion of discovery disputes between parties. This motion is granted as to discovery disputes and the Court's involvement—Stovall is prohibited from introducing evidence of discovery-related motions or Court orders. Stovall can introduce facts regarding the existence of airbag documents and Mack's retention policies. As previously stated, the Court is not giving a spoilation or adverse inference instruction in this case.

b. Exclusion of evidence related to the New York City Department of Sanitation ("DSNY"). Mack seeks to exclude evidence and argument that the DSNY requested that a frontal airbag system be implemented in the Mack LE model refuse trucks it planned to purchase since it is a different model truck than the one Josh was driving, a MRU-316 Mack. The motion is granted in part and denied in part. The Court will allow evidence tending to show Mack's notice of defect. Specifically, Stovall argued in response that it plans to produce evidence that (1) the City of New York requested a frontal airbag in its Mack LE garbage trucks in 2009 and that (2) that IMMI quoted Mack $391,000.00 to engineer and tool the Mack LE for a frontal airbag with a resulting cost per unit of $256 for frontal sensors and $154 per unit for the driver's frontal airbag. This testimony will be allowed. Stovall cannot, however, argue that the reason it requested the frontal airbags was because its drivers were being seriously injured and dying due to a lack of crashworthiness in Mack trucks or that Mack lied to the city of New York about the costs and that had Mack been honest, the city would have paid the $391,000.00.

c. Evidence relating to "state-of-the-art" evidence post-2013. This motion is granted by agreement.

d. Evidence relating to airbags (other than steering wheel airbags). This motion is also granted by agreement.

6. Mack filed a motion in limine to exclude evidence of or reference to dissimilar vehicles.[8] Specifically, Mack argues that Stovall should be prohibited from introducing evidence regarding airbag testing for other Class 8 trucks—including the Mach CH, the Mack Vision 2000, the Renault AE, and the Volvo FH. The Court agrees, and the motion is granted. Stovall's argument that "the central focus of this entire case is occupant protection or crashworthiness for Class 8 trucks" misses the mark. Evidence regarding airbag testing for trucks other than the Mack MRU-613 that was involved in the crash in this case are not relevant and will be excluded pursuant to Fed. R. Evid. 401 and 403.

THEREFORE,

1. Stovall's motion in limine to preclude evidence that Josh Stovall must have fallen asleep at the wheel (Doc. No. 344) is GRANTED.

2. Stovall's motion in limine to admit medical billing and to exclude evidence of collateral sources (Doc. No. 345) is GRANTED, with the understanding that Intervenor Municipal League Workers Compensation Trust's motion in limine (Doc. No. 347) needs to be addressed by the Court once it hears from the attorneys.

3. Stovall's ominibus motions in limine (Doc. No. 350) is GRANTED in part and DENIED in part as addressed above.

4. Mack's motion in limine to exclude the testimony of Dr. Ralph Scott (Doc. No. 355) is GRANTED to the extent explained above.

5. Mack's omnibus motion in limine (Doc. No. 357) is GRANTED in part and DENIED in part, as addressed above.

---

[8] Doc. No. 358

6. Mack's motion in limine to exclude evidence of dissimilar vehicles (Doc. No. 358) is GRANTED.

The Court will issue a separate ruling on Stovall's motion in limine regarding the Arkansas Deceptive Trade Act (Doc. No. 359) or may address it at the pretrial hearing scheduled for November 3, 2022.

As always, the Court's rulings on motions in limine are not final rulings on admissibility. The attorneys should request a bench conference prior to introducing a subject that has previously been excluded by a ruling on a motion in limine, and to err on the side of caution.

IT IS SO ORDERED this 21st day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE